IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:11-791-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Alvin Jerome Wise, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 106. Defendant asserts four claims for relief. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion.

The court has reviewed the complete record in this case. For the reasons stated in the Government's memorandum in support of its summary judgment motion, summary judgment is appropriate.[1] Accordingly, the court adopts these reasons as its findings and grants the Government's motion for summary judgment as to Defendant's claims for relief in his § 2255 motion.

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment

---

[1] For the sake of completeness, the court notes that the Supreme Court has recognized an equitable exception to a court's consideration of defaulted claims when a habeas applicant can demonstrate cause and prejudice (addressed by the Government in its Memorandum in Support of Summary Judgment, *see* ECF No. 112 at 3-4), or when a miscarriage of justice would occur from a court's refusal to entertain the collateral attack. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 293. This Defendant has not done.

1

as to all of Defendant's claims is **granted.** The motion under 28 U.S.C. § 2255 is **dismissed with prejudice**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 22, 2014