IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:11-791 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Alvin Wise, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, has filed a motion for relief under 28 U.S.C. § 2255. ECF No. 129. The Government has filed a motion to dismiss, arguing that Defendant's § 2255 motion is successive. ECF No. 134. Defendant has not filed a response, and his time for doing so has expired.

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on April 24, 2014. ECF No. 106. On August 25, 2014, the court granted summary judgment to the Government and the § 2255 motion was dismissed with prejudice. ECF No. 122.

The current motion is a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or

successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").  This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional.  Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.[1]  This motion is dismissed as this court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

[1] The court notes that, even if his § 2255 motion was not successive, Defendant could not obtain relief on the merits.  Defendant's predicate convictions (for both ACCA and career offender purposes) are drug offenses.  *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), and the pending Supreme Court case of *Beckles v. United States*, No. 15-8542, deal with the issue of the residual clause's definition of violent felony or crime of violence, and therefore are not applicable to predicate convictions for drug offenses.

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
September 19, 2016